Rocco POTENZA et al.,
Plaintiffs-Appellants,

v.

Ray SCHOESSLING et al.,
Defendants-Appellees.

No. 75–1686.

United States Court of Appeals,
Seventh Circuit.

Heard Feb. 12, 1976.

Decided Sept. 9, 1976.

Rehearing Denied Oct. 4, 1976.

Mark Schwartzman, Burton Joseph, Chicago, Ill., for plaintiffs-appellants.

Anna R. Lavin, Edward J. Calihan, Jr., Marvin Sacks, William R. Quinlan, Corp. Counsel, Daniel Pascale, Robert Retke, Chicago, Ill., for defendants-appellees.

Before FAIRCHILD, Chief Judge, and CUMMINGS and SPRECHER, Circuit Judges.

PER CURIAM.

In November 1974, six plaintiffs, all with criminal records, instituted this Civil Rights action under 42 U.S.C. §§ 1983 and 1985(3) challenging their dismissal as laborers at the McCormick Place exhibition hall in Chi-

cago. The plaintiffs, all members of Local 714,[1] alleged that the defendants conspired with each other, acting under color of state law, to deprive plaintiffs of their jobs. Defendant Ray Schoessling was the chairman of the Metropolitan Fair and Exposition Authority, a public body in charge of McCormick Place. Defendant John Sevcik was employed by that Authority as manager of McCormick Place. Defendant William Hogan, Sr., was secretary-treasurer of Local 714, and defendant William Hogan, Jr., was its president. Defendant Jerry Gladden was an employee of the Chicago Police Department and served under the direction and control of defendant Walter Murphy.[2]

The complaint charges that in July 1974 Murphy directed Gladden to contact the Hogans, Schoessling and Sevcik to terminate plaintiffs' employment at McCormick Place.[3] In furtherance of the conspiracy, the Hogans allegedly contacted the Chief Shop Steward of Local 714 at McCormick Place and told him to terminate the plaintiffs' employment there and to refuse thereafter to place their names for consideration for employment. The complaint stated that Local 714 frequently employed persons with criminal records in an effort to rehabilitate them and that Local 714 and defendants knew of plaintiffs' criminal records during their employment. Despite this fact, plaintiffs contend that they were singled out by the defendants to have their employment terminated "in a discriminatory and illegal manner," denying them the equal protection of the laws under the Fourteenth Amendment. Plaintiffs demanded $225,000 in damages. In pendent Count II, plaintiffs charged defendants with terminating the "valid business relationship between Plaintiffs and various contractors which employed them at McCormick Place." Identical damages were demanded in that Count.

In an unreported memorandum opinion, the district court granted defendants' motions to dismiss on the ground that plaintiffs failed to allege sufficient state action to meet the requirements of 42 U.S.C. §§ 1983 and 1985(3). The court reasoned as follows:

> "The action which was ultimately taken which allegedly deprived the plaintiffs of their right to continue in their employment was taken by the union officials, not by any state authorities. There is no allegation that the public authorities, either the police officer or the McCormick Place officials, had any control over the employment of the plaintiffs. In such a case, there cannot be action 'under color of state law.' Since the power exercised was not possessed by virtue of state law, but rather by virtue of an agreement between private parties, the exercise of such power is private action. The public officials had no authority by virtue of their official positions to exercise the power which terminated the plaintiffs' employment."

In a subsequent memorandum opinion disposing of plaintiffs' motion to reconsider, the district judge acknowledged that under *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338, a conspiracy involving racially discriminatory motivation is actionable under Section 1985(3) absent state action. However, since the amended complaint contained no allegations of racial discrimination, the court concluded that state action was still required here under Section 1985(3), citing *Collins v. Hardyman*, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253. We reverse the court's ruling on Section 1983.

In *United States v. Price*, 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267, the

---

**1.** The full name of the union is Machinery, Scrap Iron, Metal and Steel Chauffeurs, Warehousemen, Handlers, Helpers, Alloy Fabricators, Theatrical, Exposition, Convention and Trade Show Employees Union, Local 714, I.B. of T.C.W. & H. of A.

**2.** Murphy was also an employee of the Chicago Police Department but was dismissed from the action on the ground that he had given no pertinent directions to Gladden.

**3.** In view of Murphy's dismissal, plaintiffs now contend that Gladden acted upon his own initiative.

Court held that private persons jointly engaged with state officials in prohibited action are acting under color of law for the purposes of 18 U.S.C. § 242, the criminal analog of 42 U.S.C. § 1983. It is enough that the private defendant be "a willful participant in joint activity with the State or its agents." 383 U.S. at 794, 86 S.Ct. at 1157. Plaintiffs' complaint clearly alleges that the decision to fire them was the product of action by both private and public officials; this is sufficient to meet the standard in *Price*. Because the test for state action is the same under 42 U.S.C. § 1983 as it is under 18 U.S.C. § 242, the decision of the district court must be reversed. *United States v. Price, supra*, 383 U.S. at 797, n. 7, 86 S.Ct. 787; *Monroe v. Pape*, 365 U.S. 167, 185, 81 S.Ct. 473, 5 L.Ed.2d 492.

 We must affirm, however, the district court's dismissal of the remaining portion of Count I, brought under 42 U.S.C. § 1985(3), although we rely on different reasons. That Section of the Civil Rights Act creates a cause of action for redress of an injurious act:

> "If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law * * *."

In *Griffin v. Breckenridge, supra*, 403 U.S. at 102, 91 S.Ct. at 1798, the Supreme Court interpreted the above-quoted language as meaning that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." The amended complaint reveals no such animus because it shows there are persons with criminal records still employed at McCormick Place and still members of Local 714. The pleading reveals that each plaintiff lost his job because of his own reputation or past criminal conviction. The necessary "class-based, invidiously discriminatory animus behind the conspirators' action" is missing, so that the district judge was correct in dismissing that part of Count I based on Section 1985(3). *Lesser v. Braniff Airways, Inc.*, 518 F.2d 538, 543 (7th Cir. 1975); *Lopez v. Arrowhead Ranches*, 523 F.2d 924, 928 (9th Cir. 1975).

Count II, alleging a pendent action for tortious interference with the business relationships between plaintiffs and their employers, was dismissed "in the absence of a cognizable federal claim. Since we hold that Count I stated a cognizable federal claim under 42 U.S.C. § 1983, Count II must also be reinstated.

The decision of the district court is reversed insofar as it dismissed that part of Count I based on 42 U.S.C. § 1983 and insofar as it dismissed Count II; and the cause is remanded for further proceedings consistent herewith; costs to plaintiffs.